UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>UNITEDHEALTH GROUP, INC., and<br>PACIFICARE HEALTH SYSTEMS, INC.,<br><br>Defendants. | CASE NUMBER:  1:05CV02436<br><br>JUDGE:  Ricardo M. Urbina<br><br>FILED:  May 22, 2006 |

**UNITED STATES' MOTION AND MEMORANDUM
IN SUPPORT OF ENTRY OF PROPOSED AMENDED FINAL JUDGMENT**

Pursuant to Section 2(b) of the Antitrust Procedures and Penalties Act ("APPA"), 15 U.S.C. §§ 16(b)-(h), Plaintiff United States of America, moves for entry of the proposed Amended Final Judgment in this civil antitrust proceeding.  The proposed Amended Final Judgment may be entered at this time without further hearing if the Court determines that entry is in the public interest.  The Competitive Impact Statement ("CIS"), filed in this matter on March 3, 2006, explains why entry of the Amended Final Judgment is in the public interest.  The United States is filing simultaneously with this motion a Certificate of Compliance setting forth the steps taken by the parties to comply with all applicable provisions of the APPA and certifying that the statutory waiting period has expired.

**I.      Background**

On December 20, 2005, the United States filed a Complaint alleging that the proposed acquisition of PacifiCare Health Systems, Inc. ("PacifiCare") by UnitedHealth Group, Inc. ("United") would substantially lessen competition in violation of Section 7 of the Clayton Act.

15 U.S.C. § 18. As explained more fully in the Complaint and CIS, this transaction raised competitive concerns relating to (1) the sale of commercial health insurance to small-group employers in the Tucson, Arizona Metropolitan Statistical Area ("MSA"); (2) the purchase of physician services in the Tucson, Arizona and Boulder, Colorado MSAs; and (3) the sale of commercial health insurance and purchase of health care provider services in numerous MSAs throughout California.

At the time the Complaint was filed, the United States also filed a proposed Final Judgment, which is designed to eliminate the potential anticompetitive effects of the United-PacifiCare merger. The proposed Final Judgment requires United to divest certain health insurance contracts in Tucson, Arizona and Boulder, Colorado. It also enjoins United from continuing to exchange certain information with CareTrust Networks, a wholly owned subsidiary of Blue Shield of California and requires United to terminate its network rental agreement with CareTrust effective one year after the Court's entry of the Final Judgment.

The United States filed a proposed Amended Final Judgment on March 2, 2006 to permit United's new customers to access the CareTrust network until July 5, 2006.

Plaintiff and Defendants have stipulated that the proposed Amended Final Judgment may be entered after compliance with the APPA. Entry of the proposed Amended Final Judgment would terminate this action, except that the Court would retain jurisdiction to construe, modify, or enforce the provisions of the proposed Amended Final Judgment, and to punish violations thereof. All parties have also stipulated that United and PacifiCare will comply with the proposed Amended Final Judgment from the date of signing of the Stipulation (filed with the Court on January 3, 2006), pending its entry by the Court. Should the Court decline to enter the

proposed Amended Final Judgment, United and PacifiCare have committed to continue to abide by its requirements until the expiration of time for appeal.

## II. Compliance with the APPA

The APPA requires a sixty-day period for the submission of public comments on the proposed Amended Final Judgment. 15 U.S.C. § 16(b). In compliance with the APPA, the United States filed the CIS with the Court on March 3, 2006. The United States published the Complaint, proposed Amended Final Judgment, and CIS in the *Federal Register* on March 20, 2006, 71 Fed. Reg. 13991–14004 (2006); and published a summary of the Complaint, terms of the proposed Amended Final Judgment and CIS, along with information about the availability of these documents and directions for the submission of written comments, in *The Washington Post* for seven consecutive days commencing on March 15, 2006 and ending on March 21, 2006. The sixty-day public comment period expired on May 19, 2006 and the United States received no comments. The Certificate of Compliance filed simultaneously with this Motion recites that all the requirements of the APPA have now been satisfied. It is therefore appropriate for the Court to make the public interest determination required by 15 U.S.C. § 16(e) and to enter the proposed Amended Final Judgment.

## III. Standard of Judicial Review

Before entering the proposed Amended Final Judgment, the Court is to determine that it "is in the public interest." 15 U.S.C. § 16(e). In making that determination the Court may consider:

1. the competitive impact of such judgment, including termination of alleged violations, provisions for enforcement and modification, duration or relief sought, anticipated effects of alternative remedies actually considered,

>    whether its terms are ambiguous, and any other competitive considerations bearing upon the adequacy of such judgment that the court deems necessary to a determination of whether the consent judgment is in the public interest; and
>
> 2.   the impact of entry of such judgment upon competition in the relevant market or markets, upon the public generally and individuals alleging specific injury from the violations set forth in the complaint including consideration of the public benefit, if any, to be derived from a determination of the issues at trial.

*Id.*

In its CIS previously filed with the Court, the United States explained the meaning and proper application of the public interest under the APPA, and now incorporates those statements herein by reference. The public, including affected competitors and customers, has had the opportunity to comment on the proposed Amended Final Judgment as required by law. The proposed Amended Final Judgment is within the range of settlements consistent with the public interest.

**IV.    Conclusion**

For the reasons set forth in this Motion and in the CIS, the Court should find that the proposed Amended Final Judgment is in the public interest and should enter it without further hearings. The United States respectfully requests that the attached Amended Final Judgment (Attachment 1) be entered as soon as possible.

Dated: May 22, 2006.

                              Respectfully submitted,

                              /s/ Jon B. Jacobs
Jon B. Jacobs (D.C. Bar # 412249)
Nicole S. Gordon
Rebecca A. Perlmutter
United States Department of Justice
1401 H. Street, N.W., Suite 4000
Washington, D.C. 20530
Telephone: (202) 514-5012
Facsimile: (202) 307-5802